UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Docket No. 3:98CR45(EBB) |
| TERRY L. PERKINS | : | |

RULING ON MOTION FOR MODIFICATION OF SENTENCE

Defendant Terry Perkins ("Perkins") moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines § 1B1.10 in light of the retroactive amendment to the Sentencing Guidelines which reduces the base offense levels for crack cocaine offenses. Because the crime for which Perkins was convicted in this case did not involve crack cocaine, he is ineligible for a reduction in sentence under the amended guidelines and his motion [doc. # 11] is denied.

On March 14, 2000, the court sentenced Perkins in two separate criminal cases. In the first case, Docket No. 3:97cr221(EBB), Perkins was sentenced to the statutory mandatory minimum sentence of 240-months imprisonment following his guilty plea to one count of an indictment that charged him with possession with intent to distribute and distribution of cocaine base.[1] On that same date, the court also imposed a 120-month sentence in this case, Docket No. 3:98cr45(EBB), following Perkins's guilty plea and conviction on one count of an indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §

---

[1] Perkins filed two motions for a reduction in the 240-month sentence he received in that case. Both motions were denied on the ground that he was sentenced to the statutory mandatory minimum term of imprisonment which was not affected by the crack-cocaine amendment.

922(g)(1).

Perkins now seeks a sentence reduction pursuant to the recently enacted crack cocaine amendments to the guidelines which generally reduced by two points the base offense levels corresponding to the crack quantity listed in the drug quantity table at § 2D1.1(c).  See U.S.S.G.App. C, Amend. 706, as amended by Amend. 711; § 1B1.10(c).  However, § 3582(c)(2) and the applicable guideline policy statement only permit a sentence reduction under the crack-cocaine amendment if retroactive application of the reduced base offense levels would result in a lower applicable guideline sentencing range for the offense of conviction.  See U.S.S.G. § 1B1.10(a); 18 U.S.C. § 3582(c) (2).

In this case, Perkins's 120-month sentence was imposed after he was convicted of possession of a firearm by a convicted felon, not of a crack-cocaine offense and his applicable guideline range for the offense of his conviction was not affected by the crack-cocaine amendment.  Thus, he is not eligible for a sentence reduction pursuant to the amended guidelines or 18 U.S.C. § 3582(c)(2), and the court generally has no other authority to resentence a defendant after an original sentence in imposed.  See United States v. Savoy, 567 F.3d 71, 72 (2d Cir. 2009).

Accordingly, Perkins's motion for a reduction in sentence [doc. #11] as well as his motion to expedite the appointment of counsel in connection with the motion [doc. #13] are DENIED.

SO ORDERED.

/s/_____
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut, this 12th day of January, 2010.

2